CLARA J. BROWN and Others, Respondents, *v.* GERTRUDE M. MOUNT, Individually and as Executrix, etc., of HENRY R. MOUNT, Deceased, Appellant, Impleaded with Others.

*Partition and accounting for rents — personal judgment against one collecting rents as executor under a will proved in another State — the executor relegated, for his offset for disbursements, to an accounting in such other State.*

In an action for the partition of certain premises and for an accounting, the complaint alleged that the plaintiffs and the defendant Mount were in possession of certain premises as tenants in common, and "that for many years, and dur-

ing the entire period of time while the parties to this action have been the owners of said premises, the defendant Henry R. Mount has received and collected, and is still receiving and collecting, all the rents, issues and profits of the said premises, and has retained and appropriated the same to his own use and without accounting to the plaintiffs for their share of the same respectively." It demanded as relief the partition of the premises and an accounting by the defendant Mount of all the rents, issues and profits received and collected by him from the said premises.

The answer admitted the facts set forth in the complaint, and pleaded as a defense that the several parties to the action derived title under a will proved in Connecticut, which authorized the defendant, as surviving executor under letters issued in that State, "to receive the rents, interest and income of my estate not herein and hereby specifically given and devised, and to pay all taxes, liens and charges thereon, and to take care of and manage the same, and invest the income thereof and change the same when necessary for the protection of my estate, and to pay therefrom unto Clara J. Farwell and Elizabeth Jouy of the town of Stamford, Conn., each of them during the period of their respective natural lives and so long only as they shall each remain single or unmarried, in monthly or quarterly payments, the annual sum of one hundred and eighty dollars;" that the will was not admitted to probate, and that no letters ancillary to the letters testamentary issued to the defendant in Connecticut were ever issued by any court, in the State of New York; that there were pending proceedings instituted by the plaintiffs in the Probate Court of the district of Stamford, Connecticut, to compel the defendant to account for the rents received by him as executor; that the Supreme Court of the State of New York had no jurisdiction of the defendant as executor or over the account of the money collected by him in that capacity. The answer demanded judgment for a partition or sale of the premises, and that the plaintiffs' prayer for an accounting be dismissed.

*Held,* that the court might, under section 1589 of the Code of Civil Procedure, award a personal judgment against the defendant Mount for the amount of the rents found due to the plaintiffs, and leave the defendant Mount to enforce any legitimate claim for expenditures, made by him as executor, against the plaintiffs, in the proceeding for an account pending in the State of Connecticut.

APPEAL by the defendant, Gertrude M. Mount, individually and as executrix, etc., of Henry R. Mount, deceased, from so much of an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 9th day of September, 1898, upon the report of a referee, as directs the entry of a money judgment against Henry R. Mount, personally.

The appeal was originally taken by Henry R. Mount, and upon his death the action was revived by the present appellant as his executrix.

*Morris A. Tyng*, for the appellant.

*William H. Hamilton*, for the respondents.

WOODWARD, J.:

This is an action for the partition of certain premises described in the complaint, and for an accounting on the part of the defendant Henry R. Mount of all the rents, issues and profits received and collected by him from the said premises. The complaint alleges ownership in fee by the plaintiffs and defendant, who are in possession as tenants in common, and "that for many years and during the entire period of time while the parties to this action have been the owners of said premises, the defendant Henry R. Mount has received and collected, and is still receiving and collecting, all the rents, issues and profits of the said premises, and has retained and appropriated the same to his own use and without accounting to the plaintiffs for their share of the same respectively." The answer of the defendant admits the facts set forth in the complaint, but pleads as a defense that the several parties to the action hold title under the provisions of the last will and testament of Henry R. Mount, late of the town of Stamford, State of Connecticut, who died on the 9th day of March, 1880, seized and possessed of the premises mentioned and described in the complaint, and that the defendant, as the surviving executor under the provisions of this will, has received and collected such rents, issues and profits in his official capacity, subject to the following clause of the will: "To receive the rents, interest and income of my estate not herein and hereby specifically given and devised, and to pay all taxes, liens and charges thereon and to take care of and manage the same and invest the income thereof and change the same when necessary for the protection of my estate, and to pay therefrom unto Clara J. Farwell and Elizabeth Jouy of the town of Stamford, Conn., each of them during the period of their respective natural lives and so long only as they shall each remain single or unmarried, in monthly or quarterly payments, the annual sum of one hundred and eighty dollars."

The answer avers that letters testamentary were duly issued to the defendant; that he qualified as executor; that no proceedings were ever instituted to probate the will in this State, and that no letters ancillary to such appointment were ever issued from any

court in this State ; that in pursuance and by virtue of the powers granted by said will, the defendant has been receiving and collecting the rents, issues and profits of said real property, and has paid all liens, taxes and charges thereon in the performance of his duties as such executor ; that in October, 1893, the plaintiffs commenced proceedings in the Probate Court of the district of Stamford, Connecticut, to compel the defendant, as such executor, to render his accounts of the rents, income and interest received by him as executor, including the rents of the premises described in the complaint, and, in accordance with the order of said court, the defendant filed his accounts in the office of said Probate Court for settlement, and the proceedings are now pending in said court ; that this court has no jurisdiction of the defendant as executor, and that it has no jurisdiction over the account of the money collected by him in pursuance of his duties as such executor. The defendant demands judgment that " the rights, shares and interest of each of the parties to this action in the lands and premises above described be ascertained and declared, and the rights of the parties herein be determined ; that partition thereof be made according to law and practice of this court between the parties hereto, or, if partition cannot be had without material injury to those interested, then for a sale of said premises and a division of the proceeds between the respective parties ; that the demand of the complaint that this defendant account to the plaintiffs for their shares respectively of all the rents, issues and profits received and collected by him be dismissed, and that this defendant have such other and further relief in the premises as to this honorable court may seem just and proper."

Upon the trial there was no dispute as to the fact of ownership and occupancy of the premises by the plaintiffs and defendant as tenants in common ; and the interlocutory judgment, in so far as it determines the rights of the parties in the premises described in the complaint, is not objected to by the defendant, nor by any of the parties to the action. The defendant contends, however, that a personal judgment against Henry R. Mount, who has since died, the action being continued in the name of his executrix, is not justified because of the fact that various sums collected from the premises described in the complaint have been expended upon the property of the estate in Connecticut, and in the interests of the plaintiffs,

who are the residuary legatees. It is claimed that the amount found to be due to the plaintiffs in this action should be turned over to the court in Connecticut, to abide the accounting in the proceeding before the Probate Court in that State; but the rights of the defendant appear to have been protected by the judgment appealed from, it being without prejudice to the assertion of a claim for reimbursement if it is found that he has expended moneys collected by him in the payment of legitimate claims against the estate.

This action was brought against the defendant, not as an executor, for he does not occupy that relation in the State of New York, but as a tenant in common with the plaintiffs. The defendant in his answer concedes that he is the owner of the fee with the plaintiffs, and that they are in possession as tenants in common. The case is thus brought within the provisions of the Code of Civil Procedure, section 1589 of which provides that the court may adjust, "in the interlocutory or final judgment, or otherwise, as the case requires, the rights of one or more of the parties, as against any other party or parties, by reason of the receipt, by the latter, of more than his or their proper proportion of the rents or profits of a share, or part of a share." The case occupied the attention of the referee over a period of several months, and it was not until after the testimony had been closed that the defendant offered to prove that he had expended certain moneys on the Stamford property. The judgment is without prejudice to the defendant in asserting any claims for legitimate expenditures as executor of the will, and as there seems to be no reason to suppose that justice will not be done him on the accounting proceeding in Connecticut there does not appear to be any good reason why the judgment appealed from should not be affirmed. The defendant cannot be heard to claim that he is the owner of the fee to the premises in dispute, in common with the plaintiffs, and at the same time to have the right to the rents and profits of the entire property as the executor of the will, and for no other purpose than to pay two small annuities, which are made a charge against the entire residuary estate. The action is one against the defendant individually as a tenant in common with the plaintiffs, and the evidence shows that the defendant has received, without accounting for, the amount found by the learned referee before whom the case was tried. Under the circum-

stances of this case there would appear to be no reason why the judgment in favor of the plaintiffs should not stand, all of the parties in interest having been before the court, and none of them objecting to the jurisdiction or to the result with the exception of the defendant.

The interlocutory judgment appealed from should be affirmed, with costs.

All concurred, except BARTLETT, J., absent.

Interlocutory judgment affirmed, with costs.